**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                    **v.**                                        **5:05-CR-447**
                                                                      **(FJS)**

**MICHAEL HARPER,**

                                   **Defendant.**

---

**APPEARANCES**                                 **OF COUNSEL**

**OFFICE OF THE UNITED**                         **TERRENCE M. KELLY, AUSA**
**STATES ATTORNEY**
James T. Foley U.S. Courthouse
445 Broadway
Albany, New York 12207-2924
Attorneys for the United States

**OFFICE OF JAMES M. KERRIGAN**                  **JAMES M. KERRIGAN, ESQ.**
103 West Seneca Street, Suite 201
P.O. Box 6434
Ithaca, New York 14851
Attorneys for Defendant Michael Harper

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Defendant Michael Harper's Omnibus Discovery Motion in

which he asks the Court to order the Government to provide him with, among other things, (1)

readable and searchable CD-ROMS containing recorded telephone conversations, (2) wiretap

progress reports, (3) pen registers, (4) a list of the intercepted calls that the Government intends

to use at trial, (5) transcripts of telephone calls that the Government intends to use at trial, (6)

surveillance logs and photographs, (7) cell phone tower location records, and (8) an adequate

notice of the Government's expert witness, Officer Wiegand.  In addition to these discovery requests, Defendant also moves to suppress certain evidence that is related to the materials that Defendant seeks to discover.

On March 14, 2006, the Court heard oral argument in support of, and in opposition to, Defendant's motion.  At that time, the Court issued oral decisions with respect to certain issues and reserved decision with respect to others.  The following constitutes the Court's written determination of the pending motion.

## II. DISCUSSION

**A.      Discovery requests**

### *1. CD-ROMs*

Defendant's counsel asserts that he has been unable to access the CD-ROMs, which contain recorded telephone conversations, that the Government provided to him during discovery and that he needs this information to prepare a defense.  The Government informed the Court that it will provide new CD-ROMs to Defendant's counsel for his review.  At the Court's suggestion, the parties agreed that Defendant's counsel would try to access the new CD-ROMs at the United States Attorney's Office before he took them with him for further review.  In addition, the Court agreed with the Government that the ultimate solution may be that Defendant's counsel will have to listen to the relevant CD-ROMs at the United States Attorney's Office if he continues to be unable to access them on his computer.  Accordingly, the Court denies this part of Defendant's motion as moot and with leave to renew if the parties are unable to resolve this issue.

### 2. Wiretap progress reports

Defendant's counsel acknowledged at oral argument that the Government has now provided him with these progress reports.  Accordingly, the Court denies this part of Defendant's motion as moot.

### 3. Pen registers

At oral argument, Defendant's counsel acknowledged that the Government has now provided him with the "Pen Register Orders."  However, he still seeks the "Pen Registers" themselves.  He contends that he needs this information so that he can determine the accuracy of the information upon which the Government relied as a basis for its wiretap applications.  The Government informed the Court that this information is on the same CD-ROMs as the recorded telephone conversations and that, as noted, it is providing Defendant's attorney with a new set of these CD-ROMs.  Accordingly, the Court denies this part of Defendant's motion as moot and with leave to replead if the parties are unable to resolve the CD-ROM issue.

### 4. List of the intercepted calls that the Government intends to use at trial and the transcripts of these intercepted calls

Defendant asks the Court to order the Government to provide him with a list of the intercepted calls that it intends to use at trial and the transcripts of those calls.  In response, the Government informed the Court that, at this time, it is not sure which of the intercepted calls it will use at trial but that, to the extent that it has transcribed the intercepted calls, it will provide Defendant with a copy of those transcripts.  Accordingly, the Court denies this part of Defendant's motion as moot.

-3-

### 5. Surveillance logs and photographs

Defendant asks the Court to order the Government to provide him with surveillance logs for and photographs of those occasions on which law enforcement officers allegedly observed him. Defendant also requests that the Government provide him with the dates on which the officers observed him so that he can check this information against his employer's time logs to determine whether he was at the location where the Government claims that the officers observed him.

In response, the Government argues that this information is not discoverable under Rule 16 of the Federal Rules of Criminal Procedure but, in fact, is Jenks material, *see* 18 U.S.C. § 3500. However, the Government stated that it will provide Defendant with the dates of these observations. Accordingly, the Court denies this part of Defendant's motion as moot.

### 6. Cell phone tower location records

Defendant asks the Court to order the Government to provide him with all cell phone tower location records on the ground that he needs this information so that he can compare it with other information that he has to show that he did not make a cell phone call from the location at which the Government contends that he made such a call. Furthermore, Defendant asserts that he will use this information to establish that he is not the person using the cell phone and that, therefore, the information that the Government provided in the affidavit in support of its wiretap application as to his identification was intentionally false or at least was provided in reckless disregard for the truth.

The Court finds that Defendant has not established a sufficient basis for needing this

-4-

information.  Therefore, the Court orders Defendant, if he still intends to seek these records, to provide the Court with an affidavit specifically identifying which intercepted calls he claims he did not make.  Accordingly, the Court denies this part of Defendant's motion with leave to renew upon the filing of the required affidavit.

### 7.      *Notice of expert witness*

Defendant asks the Court to order the Government to provide him with adequate notice of its expert witness, Officer Wiegand.  Since the Court does not have a copy of the Government's notice, it cannot determine whether that notice is adequate.  At oral argument, Defendant's counsel informed the Court that he would provide the Court with a copy of the notice. Accordingly, the Court reserves decision on this part of Defendant's motion until after it has received and has had an opportunity to review said notice.

### 8. *Co-conspirator statements*

Defendant asks the Court to order the Government to provide him with any co-conspirator statements that the Government claims are imputed to or attributable to Defendant in the conspiracy count pursuant to Rule 16 of the Federal Rules of Civil Procedure.  As the Court noted at oral argument – and as Defendant acknowledged in response to the Court's inquiry – Defendant is not entitled to these statements.  Accordingly, the Court denies this part of Defendant's motion.

### 9. Disclosure of the identity of confidential informants

In his motion papers, Defendant asked the Court to order the Government to disclose the identity of confidential informants.  However, at oral argument, Defendant's counsel asked the Court to adjourn the hearing on this request until May 12, 2006.  Accordingly, the Court reserves decision on this part of Defendant's motion and will consider this motion, together with the suppression motions discussed *infra* until May 12, 2006.

**B.      Suppression motions**

Defendant has moved to suppress the following: (1) all evidence, including his identification, that was obtained in the course of a vehicle stop without cause on Interstate 81[1] and (2) all evidence obtained through the execution of an eavesdropping warrant and orders of extension and amendment.  In addition, Defendant requests that the Court grant him sixty days from the date of delivery of accessible CD-ROMs and indices and completion of discovery to make an application to suppress evidence obtained through the execution of the eavesdropping warrant on the ground that the officers may have conducted these intercepts in violation of the Court's Orders that required minimization pursuant to 18 U.S.C. § 2518(5).

At oral argument, Defendant's counsel noted that the Court signed a "Stipulation and Order of Continuance" with respect to his three co-Defendants in which these co-Defendants are required to file any motions by April 11, 2006, and to make any such motions returnable on May 12, 2006.  *See* Dkt. No. 34.  In light of this Order, Defendant's counsel requested that the Court

---

[1] Initially, Defendant claimed that this was a warrantless search; however, at oral argument, Defendant's counsel conceded that there was a warrant for this search.

provide him with an opportunity to supplement his suppression motions until April 11, 2006, and to hear oral argument with respect to these motions on May 12, 2006.  The Court hereby grants Defendant's request.

### III. CONCLUSION

Accordingly, for the above-stated reasons and for the reasons stated at oral argument, the Court hereby

**ORDERS** that the part of Defendant's motion relating to certain CD-ROMs containing information regarding intercepted telephone conversations is **DENIED AS MOOT** and **WITH LEAVE TO RENEW** if the parties are unable to resolve this issue; and the Court further

**ORDERS** that the part of Defendant's motion that seeks the production of wiretap progress reports is **DENIED AS MOOT**; and the Court further

**ORDERS** that the part of Defendant's motion that seeks the production of Pen Register Orders is **DENIED AS MOOT**; and the Court further

**ORDERS** that the part of Defendant's motion that seeks the production of the Pen Registers themselves is **DENIED AS MOOT** and **WITH LEAVE TO RENEW** if the parties are unable to resolve the CD-ROM issue; and the Court further

**ORDERS** that the part of Defendant's motion that seeks the production of a list of the intercepted calls that the Government intends to use at trial is **DENIED**; and the Court further

**ORDERS** that the part of Defendant's motion that seeks the production of the transcripts of intercepted calls which the Government intends to use at trial is **DENIED AS MOOT**; and the Court further

**ORDERS** that the part of Defendant's motion that seeks the production of the surveillance logs and photographs related to law enforcement officers' observations of him is **DENIED AS MOOT**; and the Court further

**ORDERS** that the part of Defendant's motion that seeks the production of all cell phone tower location records is **DENIED WITH LEAVE TO RENEW** upon the filing of an affidavit setting forth the specific intercepted calls which Defendant claims he did not make; and the Court further

**ORDERS** that the part of Defendant's motion that concerns the adequacy of the Government's expert witness notice is **RESERVED** until after Defendant has provided the Court with a copy of said Notice and the Court has had an opportunity to review the same; and the Court further

**ORDERS** that the part of Defendant's motion that seeks the production of co-conspirator statements is **DENIED**; and the Court further

**ORDERS** that the part of Defendant's motion that seeks the disclosure of the identity of confidential informants is **RESERVED** until after the Court hears oral argument on said motion on May 12, 2006; and the Court further

**ORDERS** that Defendant's request to file additional papers in support of his suppression motions is **GRANTED** and Defendant shall file any such papers on or before **April 11, 2006**, and shall make such motions returnable on **May 12, 2006**.

**IT IS SO ORDERED.**

Dated: March 20, 2006
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge